UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Megan G. Kitchner, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>Charles Fiergola, Esq., Joseph R. Johnson, Esq., Lucas P. Bennewitz, Esq., Tyler M. Helsel, Esq., and John Does, Esqs.,<br><br>　　　　　Defendants. | **Court File No.: 2:18-cv-133**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I.

## INTRODUCTION

1. Plaintiff, Megan G. Kitchner (hereinafter "Plaintiff Kitchner") brings this action for damages, declaratory and injunctive relief in response to Charles Fiergola's (hereinafter "Defendant Fiergola"), Joseph R. Johnson's (hereinafter "Defendant Johnson"), Lucas P. Bennewitz's (hereinafter "Defendant Bennewitz"), Tyler M. Helsel's (hereinafter "Defendant Helsel"), and Defendant John Does' (hereinafter "Defendant Does") (collectively referred to as "Defendants") violations of the rights afforded under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

1

2. Defendants knowingly and unnecessarily publicly filed Plaintiff's and many other similarly situated consumers' highly confidential and statutorily protected consumer reports[1] as part of state court collection actions commenced in various Wisconsin courts statewide. Plaintiff seeks relief under the FCRA as such "use" of Plaintiffs' consumer reports is not a permitted purpose, nor do the credit scores in any way "evidence" the writing of the underlying credit transactions. Defendants' egregious practices run afoul of exactly the individual privacy rights Congress intended to prevent with its enactment of both the FCRA and FDCPA. The FCRA was passed to keep consumer credit reports strictly private and protected from unlawful disclosure to unauthorized parties. Defendants violated these privacy provisions and should now be held accountable.

3. Courts in the Seventh Circuit acknowledge that the purpose of the FDCPA as a whole is to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. §1692(a), and, as such, debt collectors are liable for failure to comply with "any provision" of the Act. 15 U.S.C. § 1692k(a). Courts in various other federal districts have acknowledged that the FDCPA is a broad remedial statute that imposes strict liability on debt collectors and its terms are to be applied in a liberal manner.

---

[1] As will be elaborated on below, a "credit score" is a "consumer report." *See*, 15 U.S.C § 1681a(d)(1)(A) and 15 U.S.C § 1681g(f)(2)(A). Consumer reports are statutorily protected by the FCRA from wrongful disclosure to third parties. For purposes of this Complaint, Plaintiffs will use the terms "credit report," "consumer report" and "credit score" interchangeably. They all maintain the same level of protection.

## II.
## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), 15 U.S.C. § 1692k and 15 U.S.C. § 1681(p) (FCRA).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff Kitchner's claims arose in this District and at all times herein relevant, Defendants were employed when engaging in the conduct alleged herein, and have had a principal place of business in this District.

## III.
## PARTIES

6. Plaintiff Kitchner resides in Dunn County, Wisconsin. Plaintiff Kitchner is a "person" as defined by 15 U.S.C. § 1681a(b), a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is protected by, and entitled to enforce, the remedies of the FCRA and the FDCPA.

7. Defendant Fiergola is lawyer licensed to practice law in the State of Wisconsin at 735 N. Water Street, #1300, Milwaukee, Wisconsin 53202. At all times herein relevant, Defendant Fiergola regularly attempted to collect consumer debts alleged to be due another. Defendant Fiergola is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Fiergola is also a "person"

3

as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA.

8. Defendant Johnson is lawyer licensed to practice law in the State of Wisconsin at 735 N. Water Street, #1300, Milwaukee, Wisconsin 53202. At all times herein relevant, Defendant Johnson regularly attempts to collect consumer debts alleged to be due another. Defendant Johnson is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Johnson is also a "person" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA.

9. Defendant Bennewitz is lawyer licensed to practice law in the State of Wisconsin at 735 N. Water Street, #1300, Milwaukee, Wisconsin 53202. At all times herein relevant, Defendant Bennewitz regularly attempted to collect consumer debts alleged to be due another. Defendant Bennewitz is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Bennewitz is also a "person" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA.

10. Defendant Helsel is lawyer licensed to practice law in the State of Wisconsin at 735 N. Water Street, #1300, Milwaukee, Wisconsin 53202. At all times herein relevant, Defendant Helsel regularly attempts to collect consumer debts alleged to be due another. Defendant Helsel is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Helsel is also a "person" as

defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA.

11. Defendant Does are, or were, likewise, lawyers licensed to practice law in the State of Wisconsin at 735 N. Water Street, #1300, Milwaukee, Wisconsin 53202. At all times herein relevant, Defendant Does regularly attempted to collect consumer debts alleged to be due another. Defendant Does are, therefore, "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Does are also "persons" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and are thus subject to the requirements of the FCRA.

## IV.

## BACKGROUND INFORMATION

12. As a result of Defendants' conduct, Plaintiff Kitchner and the putative class have suffered an injury in fact, that injury is traceable to Defendants' conduct, and the harm is likely to be redressed by a favorable judicial decision.

13. As shown in the paragraphs that follow, the Plaintiff Kitchner and the putative class have suffered "an invasion of a legally protected interest" which is their privacy of personal and financial information occasioned by the conduct of the Defendants.

14. The paragraphs below show that the legally protected interest is concrete and particularized and "actual or imminent" and has affected the Plaintiff and the putative class in a personal and individual way.

15. The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that for standing purposes, concrete injuries include intangible harms.

16. The Court in *Spokeo* further noted that:

   *"Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."*

   *And,*

   *"...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."*

   *Id* at 1549 (Emphasis Added).

17. Invasion of privacy is an example in the Restatement (Second) of Torts 652A (1977) of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."

18. The lead Senate sponsor, William Proxmire[2] stated that:

   *The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. ...the consumer has a right to see that the information is kept confidential and it is used for the purposed for which it is collected; and he has the right to be free from unwarranted invasions of his personal privacy...*

   (Emphasis Added).

19. One of the primary protections of the FCRA is the requirement that "users", such as Defendants, have a permissible purpose when they use a consumer report as

---

[2] 115 Cong. Rec. 2413 (1969).

demonstrated in 15. U.S.C. §§ 1681b(a) & 1681b(f).

V.

**FACTUAL ALLEGATIONS**

20. As a consumer, Plaintiff Kitchner, and others similarly situated, sought credit by the use of credit cards for personal financial needs from various consumer credit card issuers.

21. Plaintiff Kitchner had a Discover credit card ending in 2734, which constitutes a debt as that term is defined at 15 U.S.C. § 1692a(5).

22. Plaintiff Kitchner was unable to repay the balance on her Discover credit card account.

23. Defendants, through one attorney, Defendant Fiergola, filed a state court collection complaint in the Circuit Court of Dunn County on or about March 9, 2017, bearing the court file number 2017-SC-000134.

24. The complaint sought to recover a money judgment in the amount of $5,938.00 against Plaintiff Kitchner for the unpaid balance on the credit card, plus costs and disbursements and interest.

25. Defendant Fiergola attached a copy of a monthly billing statement at paragraph 15 of the state court collection action relating to Plaintiff Kitchner's credit card debt.

26. Specifically, one document Defendants attached to the state court collection complaint was Plaintiff Kitchner's credit score information. (*See attached Exhibit 1*).

7

27. Plaintiff Kitchner's credit score, published by Defendants, constitutes part of her private personal credit history as shown in her "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

28. This illegal use by publication of Plaintiff Kitchner's credit score violated the requirements of 15 U.S.C. §1681b(f) as none of the Defendants had a permissible purpose for using by publishing such protected personal private information in this manner.

29. Defendants had no permissible purpose for "using" Plaintiff Kitchner's consumer report in its public filings, and, therefore, have violated the provisions of 15 U.S.C. §§ 1681b and 1681b(f).

30. Defendants, by filing the state court collection action, were attempting to collect the non-party Discover's credit card debt.

31. Defendants' filing of Plaintiff Kitchner's personal consumer report / credit score violated 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

32. Upon information and belief, Defendants Fiergola, Bennewitz, Helsel and Does are, or were, associates or junior attorneys at, or employed by, Kohn Law Firm S.C.

33. Defendant Johnson has signed and caused complaints to be filed in Wisconsin State court actions, attaching unredacted copies of the respective state court defendant's statement publishing the consumer's consumer report. One such example is the complaint in the Circuit Court of Chippewa County on or about

January 27, 2017, bearing the court file number 2017-SC-000101.

34. Defendant Bennewitz has signed and caused complaints to be filed in Wisconsin State court actions, attaching unredacted copies of the respective state court defendant's statement publishing the consumer's consumer report. One such example is the complaint in the Circuit Court of Eau Claire County on or about December 8, 2016, bearing the court file number 2016-SC-001873.

35. Defendant Helsel has signed and caused Complaints to be filed in Wisconsin State court actions, attaching unredacted copies of the respective state court defendant's statement publishing the consumer's consumer report. One such example is the complaint in the Circuit Court of Chippewa County on or about May 8, 2017, bearing the court file number 2017-SC-000774.

36. According to www.kohnlaw.com/Our-Attorneys.aspx retrieved on January 3, 2018, Defendant Johnson is "the firm's Supervising Attorney of Consumer Litigation" at Kohn Law Firm S.C.

37. Defendants Johnson and Does had, at all times material, a duty to adequately supervise the professional legal activities of associates or junior attorneys.

38. Defendants Johnson and Does, through acts or omissions, breached their duty by negligently and/or recklessly failing to adequately supervise associates or junior attorneys. by failing to take reasonable steps to protect the rights of consumers as described herein.

39. As a direct and proximate result of Defendants Johnson and Does' negligent

9

and/or reckless supervision, Plaintiff Kitchner suffered harm as described herein.

40. Defendant Johnson and Does knew, or should have known, that publishing a consumer report as an attachment to a public complaint filed in Wisconsin State was unlawful as this information had been redacted in filings predating the causes of action contained herein. One such example is the complaint in the Circuit Court of Chippewa County on or about May 27, 2016, bearing the court file number 2016-SC-000540.

## VI.

## CLASS ALLEGATIONS

41. Defendants unlawfully "used" the consumer report / credit score of Plaintiff Kitchner and others similarly situated when they published said reports in their filing of collection complaints in various state courts throughout the state of Wisconsin.

42. Upon information and belief, Defendants have on more than one hundred (100) occasions within the past two (2) years filed state court collection actions against similar account holders wherein it unlawfully "used" the consumer report/scores, in violation of 15 U.S.C. §§ 1681b(f).

43. Plaintiff Kitchner brings this action individually and as a class action.

44. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify two (2) classes.

45. The first class Plaintiff seeks to certify is defined hereinafter as the "FCRA Class":

> *All consumers in the State of Wisconsin that have had their consumer report published in various judicial court actions within two year of the date of the filing of this Complaint by Defendants.*

46. The second class that Plaintiff seeks to certify is defined hereinafter as the "FDCPA Class (2)":

> *All consumers in the State of Wisconsin that have had their consumer report / credit score published in various judicial court actions by Defendants within one year of the date of the filing of this Complaint.*

### *Rule 23(a) Requirements*

### *Numerosity*

47. Various nonparty credit card issuers are from many of the largest banks and retailers in the United States, offering a variety of credit services to consumers in Wisconsin.

48. Those various nonparty credit providers grant credit cards to consumers nationwide.

49. Some of those consumers may have, at one time or another, defaulted on their credit card obligations.

50. Some of the nonparty credit issuers, have used Defendant Fiergola and other Defendants and various Defendant Does, to file collection actions against such a large number of consumers such that joinder of all in this lawsuit would be impracticable.

51. Defendants' conduct debt collection activities throughout the state of Wisconsin and have filed collection actions against consumers on behalf of nonparty credit issuers.

52. Therefore, the estimated number of class members for each class is in excess of 100 persons.

11

*Commonality*

53. All members of the FCRA and FDCPA Classes (hereinafter "Classes") had their rights violated in the same manner by the same illegal actions of Defendants.

54. Common evidence, in particular (1) a list of consumer debtors in Wisconsin who have had collection suits/actions filed against them by Defendants; and (2) collection files of Defendants concerning consumers in Wisconsin who have had collection suits filed against them specifically by Defendants, will drive resolution of the claims of the Classes.

55. Statutory relief under the FCRA and FDCPA is directed based upon the common conduct of Defendants, and not the subjective, individual experiences of members of the FCRA and FDCPA Classes.

*Typicality*

56. Plaintiff Kitchner has the same claims to statutory relief as do all other members of the Classes.

57. Any defenses that Defendants may have to liability or quantum of statutory damages with respect to Plaintiff Kitchner's claims would be generally applicable to all members of the two Classes.

*Adequacy*

58. Plaintiff Kitchner brings this lawsuit after an extensive investigation of Defendants' alleged misconduct.

59. Plaintiff Kitchner brings this lawsuit with the intention to stop Defendants' unlawful practices and recovery statutory remedies for all consumers affected.

12

60. Plaintiff Kitchner will continue to vigorously pursue relief for the Classes.

61. Plaintiff Kitchner's counsel, the Consumer Justice Center, P.A and Lyons Law Firm P.A., have been certified as class counsel in numerous of class actions enforcing consumer rights laws in this District and/or other districts of the United States federal courts.

62. Plaintiff Kitchner's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

### *Rule 23(b)(3)*
### *Predominance/Superiority*

### *Predominance*

63. Statutory relief under the FCRA and FDCPA follows from evidence that Defendants acted in a manner common to the entire class and not the subjective experience of any one complainant.

64. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the two classes.

### *Superiority*

65. Plaintiff Kitchner and her counsel are not aware of any other pending actions against Defendants, although *Rizzo v Kohn Law Firm S.C.*, Case # 3:17-cv-00408-jdp, is related to Defendants' employer law firm's filings of consumers' credit scores in state court collection actions.

66. Members of the Classes have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

67. Upon information and belief, few members of the Classes are aware that Defendants' actions were unlawful.

68. The class notice mechanism provides an opportunity for uninformed members of the Classes to learn about their rights and obtain relief where they otherwise would not have.

## VII.

## CAUSES OF ACTION

## COUNT I.

## FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681 et seq.

## AGAINST ALL DEFENDANTS

69. Plaintiff Kitchner incorporates by reference all the foregoing paragraphs.

70. Defendants willfully violated provisions of the Fair Credit Reporting Act, as outlined above.

71. Defendants' violations include, but are not limited to, 15 U.S.C. §§ 1681b and 1681b(f) and established Federal law.

72. As a result of the above and continuing violations of the FCRA, Defendants are liable to Plaintiff Kitchner in the sum of statutory damages, punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate

14

injunctive relief.

## COUNT II.

## FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692 et seq.

## AGAINST ALL DEFENDANTS

73. Plaintiff Kitchner incorporates by reference all the foregoing paragraphs.

74. Defendants' foregoing acts and omissions constitute violations of the FDCPA, as outlined above.

Defendants engaged in unlawful debt collection activity when filing the collection action against Plaintiff and the class by simultaneous filing of the Plaintiff Kitchner's consumer report / credit score, in violation of 15 U.S.C. §§ 1692d and 1692f. As a result of Defendants' violations of the FDCPA, Plaintiff Kitchner and the class are entitled to statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## VIII.

## TRIAL BY JURY

75. Plaintiff Kitchner is entitled to, and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## IX.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Kitchner respectfully requests that a Judgment be

entered against Defendants awarding her the following relief:

    (a)    certifying the action as a class;
    (b)    ordering that Plaintiff Kitchner's counsel be named as class counsel;
    (c)    awarding Plaintiff Kitchner and the FCRA Class appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
    (d)    awarding Plaintiff Kitchner and the FCRA Class costs and reasonable attorney's fees and post judgment interest pursuant 15 U.S.C. §1681 *et seq.*;
    (e)    an order enjoining the Defendants from further violations of the Fair Credit Reporting Act relative to the Defendants' inclusion of consumer reports / scores in all such pleadings filed in various state courts;
    (f)    an Order instructing Defendants to move to seal all class members' Wisconsin state court collection files;
    (g)    awarding Plaintiff Kitchner statutory damages against the Defendants for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
    (h)    awarding the FDCPA Class members statutory damages against Defendants for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
    (i)    awarding Plaintiff Kitchner and the FDCPA Class members reasonable attorney's fees and costs against Defendants;
    (j)    any other appropriate declaratory and/or injunctive relief; and
    (k)    such other and further relief as the court deems just and equitable.

Dated this 25th day of January, 2018.

                                    Respectfully submitted,

                                    By: s/Thomas J. Lyons Jr.

                                    Thomas J. Lyons, Jr., Esq.
                                    MN Attorney I.D. #: 0249646
                                    CONSUMER JUSTICE CENTER, P.A.
                                    367 Commerce Court
                                    Vadnais Heights, MN 55127
                                    Telephone: (651) 770-9707
                                    Facsimile: (651) 704-0907
                                    Email: tommy@consumerjusticecenter.com

                                    Thomas J. Lyons, Esq.
                                    WI Attorney I.D. #: 1019127

LYONS LAW FIRM P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 770-5830
Email: tlyons@lyonslawfirm.com

Joshua D. Christianson, Esq.
WI Attorney I.D. #:  1060033
CHRISTIANSON & FREUND, LLC
920 So. Farwell St., Ste. 1800
P.O. Box 222
Eau Claire, WI 54702-0222
Telephone: (715) 832-1800
Facsimile:  (888) 979-8101
Email: lawfirm@cf.legal

***ATTORNEYS FOR PLAINTIFF KITCHNER AND THE CLASS***

17

Case 2:18-cv-00133-JPS    Filed 01/25/18    Page 17 of 17    Document 1