# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MEGAN G. KITCHNER,<br><br>      Plaintiff,<br><br>v.<br><br>CHARLES FIERGOLA, JOSEPH R. JOHNSON, LUCAS P. BENNEWITZ, TYLER M. HELSEL, and JOHN DOES,<br><br>      Defendants. | Case No. 18-CV-133-JPS<br><br>**ORDER** |

  Plaintiff filed her complaint on January 25, 2018. (Docket #1). She alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, against four named Wisconsin lawyers and a set of John Doe lawyers. *Id.* at 3–5. Summons were issued on January 26, 2018 as to all four named defendants.

  In the complaint, Plaintiff alleges that all four named attorneys (and the Doe attorneys) work at the offices of the Kohn Law Firm S.C., at 735 N. Water Street, Suite 1300 in downtown Milwaukee. *See id.* However, public records show that only two of the named lawyers—Joseph Johnson ("Johnson") and Tyler Helsel ("Helsel")—continue to work at that firm. Charles Fiergola ("Fiergola") has moved to the firm of von Briesen & Roper, S.C., while Lucas Bennewitz ("Bennewitz") has become an assistant district attorney in Racine County.

  This matter is before the Court on the issue of service of process. Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The ninety-day service deadline expired on April 25, 2018.

Plaintiff appears to have timely served Bennewitz and Helsel, as counsel has entered on their behalf and answered the complaint. (Docket #5, #8). However, Plaintiff has not provided any proof of service as to Fiergola or Johnson. Indeed, it seems that Plaintiff undoubtedly has not timely served these two defendants, since she requested new summons to be issued as to each of them on May 2, 2018. (Docket #9, #10).

Because the time for service has expired, Plaintiff cannot simply ask for new summons at this stage and try again at serving Johnson and Fiergola. Instead, to effect proper service as to these two Defendants Plaintiff needs the Court's permission, which in turn requires a showing of good cause for the failure to serve within the original service period. Consequently, **within fourteen (14) days of the entry of this Order**, Plaintiff must provide evidence of service or otherwise explain why good cause exists to extend the Rule 4(m) deadline as to Johnson and Fiergola. Why service has not yet been achieved as to them is puzzling; Johnson works in the same office as Helsel, who seems to have been served, while a 30-second internet search revealed where Fiergola can be found. The Court leaves it to Plaintiff to offer good reasons why service was not achieved

within the ample period afforded under Rule 4(m). Failure to do so will result in dismissal of Defendants Johnson and Fiergola without prejudice.

Accordingly,

**IT IS ORDERED** that, **within fourteen (14) days of the entry of this Order**, Plaintiff must provide evidence of service or otherwise explain why good cause exists to extend the Federal Rule of Civil Procedure 4(m) deadline for service as to Defendants Johnson and Fiergola.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge