# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MEGAN G. KITCHNER,<br><br>                      Plaintiff,<br><br>v.<br><br>CHARLES FIERGOLA, JOSEPH R. JOHNSON, LUCAS P. BENNEWITZ, TYLER M. HELSEL, and JOHN DOES,<br><br>                      Defendants. | Case No. 18-CV-133-JPS<br><br><br><br>**ORDER** |

        Plaintiff filed her complaint on January 25, 2018. (Docket #1). She alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, against four named Wisconsin lawyers and a set of John Doe lawyers. *Id.* at 3–5. Two of the four named lawyers were not timely served, but the Court granted Plaintiff an extension of time to perfect service after she showed good cause for such an extension. (Docket #14 at 2–3); Fed. R. Civ. P. 4(m). The two lawyers in question were timely served within the period of extension and have answered the complaint. (Docket #15, #22, #23, #24).

        Defendants have now moved for reconsideration of the Court's order granting an extension of the service period. (Docket #16). They argue that Plaintiff's counsel were not diligent in their efforts to effect service within the original service period. (Docket #17 at 3–5). Additionally, they accuse Plaintiffs' counsel of mischaracterizing the facts or openly lying about their service attempts. *Id.*

Defendants' motion will be denied. Whatever Defendants' disputes as to the underlying facts may be, the Court's view of the propriety of an extension has not changed. Accepting that Plaintiff's first attempt at service through the Kohn Law Firm was misguided, she nevertheless showed good cause for an extension of the service period based on her later, repeated efforts to effectuate service. Had Defendants raised disputes about Plaintiff's service attempts originally, the Court would still have exercised its discretion to resolve those disputes in her favor.

Moreover, it is telling that Defendants do not argue that they were unaware of the suit or that they have been prejudiced by the delay in service. *See Cardena v. City of Chicago*, 646 F.3d 1001, 1006–07 (7th Cir. 2011). Instead, they cling to technicalities. As attorneys familiar with the service process, it would have behooved Defendants to actively pursue a waiver of service to conserve the resources of the parties and the Court. In the end, the Court is convinced that service has been properly achieved and the case should proceed.

Accordingly,

**IT IS ORDERED** that Defendants' motion for reconsideration of the Court's May 21, 2018 order (Docket #16) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge