# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MEGAN G. KITCHNER,

      Plaintiff,

v.

CHARLES FIERGOLA, JOSEPH R. JOHNSON, LUCAS P. BENNEWITZ, TYLER M. HELSEL, and JOHN DOES,

      Defendants.

Case No. 18-CV-133-JPS

**ORDER**

  Plaintiff filed her complaint on January 25, 2018. (Docket #1). She alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against attorneys who work or formerly worked for the Kohn Law Firm in Milwaukee, Wisconsin. Those statutory violations purportedly occurred in connection with a small-claims collection action filed against her in Wisconsin state court in March 2017. *See Discover Bank v. Kitchner*, Dunn County Case No. 17-SC-134. Specifically, she alleges that the complaint in the state action unlawfully disclosed her credit score and history. That complaint was filed on March 9, 2017.

  On March 29, 2017, Kitchner filed for bankruptcy protection under Chapter 7 of the bankruptcy code in the U.S. District Court for the Western District of Wisconsin. *In re Kitchner*, Case No. 1-17-11031-cjf (Bankr. W.D. Wis. 2017). Her attorney in that case was Joshua Christianson. He also represents her in this proceeding.

In her bankruptcy petition, Kitchner was required to disclose all of her existing assets, including causes of action she might have against third parties. 11 U.S.C. § 521(1); *Matthews v. Potter*, 316 F. App'x 518, 521 (7th Cir. 2009). She did not disclose the existence of her FCRA and FDCPA claims against Defendants, despite their having arisen prior to the filing of the petition. Nevertheless, all causes of action become property of the bankruptcy estate whether or not they are disclosed in a debtor's schedule of assets. 11 U.S.C. § 541(a)(1).

After notice and a hearing, property may be abandoned from the estate by the trustee or upon the request of a party in interest. *Id.* § 554(a)-(b). If an asset is abandoned or is not administered by the trustee by the time the bankruptcy case is closed, the asset reverts to the debtor, who may in the case of causes of action bring suit in her own name. *Id.* § 554(c). However, because the claims were not listed in Kitchner's bankruptcy schedules, they were never abandoned.

Property of the estate that has not been expressly abandoned or administered by the trustee at the time the case is closed remains property of the estate. *Id.* § 554(d). Consequently, Kitchner's present causes of action were initially property of the estate, and remained property of the estate even though her bankruptcy case was closed. *Matthews*, 316 F. App'x at 521. The trustee is the authorized representative of the estate, and for that reason, only he is the proper real party in interest for purposes of enforcing the instant claims. 11 U.S.C. § 323; Fed. R. Civ. P. 17; *Kleven v. Walgreen Co.*, 373 F. App'x 608, 610–11 (7th Cir. 2010).

Because Kitchner does not have standing to pursue her claims, Defendants suggest the case should be dismissed, pursuant to Federal Rule

of Civil Procedure 12(b)(6). (Docket #41 at 3–7); Fed. R. Civ. P. 12(b)(6).[1] But Rule 17 instructs that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Thus, Defendants having put Kitchner on notice of the standing issue, the Court is obliged to give Kitchner a reasonable period of time in which to ratify her commencement of the action by convincing the trustee to abandon these claims, or to substitute the trustee as the sole party plaintiff. She is presently in pursuit of reopening her bankruptcy case to disclose these claims, appoint a trustee, and ask the trustee to abandon them. (Docket #47 at 2–3).[2]

This principle was recognized by *In re Davis*, 158 B.R. 1000 (N.D. Ind. 1993), relied upon by Defendants. There, a similar situation arose, and the court alerted the plaintiffs about the standing issue at a pretrial conference and gave them fifteen days to amend the complaint and substitute the trustee as the plaintiff. *Id.* at 1003. They did not do so, and the court therefore found that they neglected their reasonable opportunity for correction provided in Rule 17. *Id.* As such, the court dismissed the case. *Id.*

Here, by contrast, Defendants only recently lodged an objection to Kitchner's standing based on Rule 17. For that reason, whether or not she

---

[1] Standing to sue is a matter affecting the Court's subject-matter jurisdiction. As such, a motion challenging a plaintiff's standing is properly lodged under Rule 12(b)(1), not Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(1); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Since it must be denied in any event, the Court does not find the erroneous rule citation to be a fatal defect in the motion.

[2] Defendants have objected to the motion to reopen. (Docket #49 at 2).

knew of the problem earlier, the Court must give her a reasonable period for correction. True, the district court in *Dalley v. Mitchell Rubstein & Associates, P.C.*, 172 F. Supp. 3d 6, 14 (D.D.C. 2016), thought dismissal was appropriate, but the Court does not know whether the precepts of Rule 17 were brought to the court's attention, as they have been here. Notably, in *Marshall v. Honeywell Technology Solutions, Inc.*, 675 F. Supp. 2d 22, 26 (D.D.C. 2009), cited by *Dalley* for the proposition that dismissal is the proper course in circumstances like these, the court performed a Rule 17 analysis and found that the plaintiff had not timely sought substitution of the trustee despite numerous opportunities to do so. Why *Dalley* did not apply Rule 17 is not for this Court to discern; what matters is that the Court is bound by the Federal Rule, not the decision of a fellow district court.

The Court must also reject Defendants' argument that Kitchner should be judicially estopped from pursuing her claims regardless of standing. (Docket #41 at 7–10). Judicial estoppel prevents a party from taking inconsistent positions in different suits or different phases of litigation in order to secure favorable treatment. *In re Airadigm Comms., Inc.*, 616 F.3d 642, 661 (7th Cir. 2010). Application of the doctrine is committed to the district court's discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Defendants say that Kitchner has willfully—or at least negligently— failed to be forthright with the bankruptcy court, this Court, or both, and should not be allowed to correct her mistake.

The Court disagrees. Kitchner has made an error, but whether the Court attributes it to inadvertence or design, judicial estoppel is a poor fit for these circumstances. As the Eleventh Circuit explained in *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004), judicial estoppel does not apply at all in this instance because the allegedly inconsistent positions

were taken by a person who does not own the claims in question. That is, because the trustee never abandoned the present claims, the estate possesses them. The only person who could take inconsistent positions that would jeopardize the claims for purposes of judicial estoppel, then, is the trustee. Kitchner has no present interest in the claims, and it would be unfair to judicially estop the trustee, a non-party who has committed no malfeasance, from pursuing the claims if the trustee sees fit to do so for the benefit of Kitchner's creditors. *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit."); *Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 358 (7th Cir. 2015) (approving substitution of trustee as plaintiff in undisclosed workers' compensation action).[3]

For these reasons, Defendants' motion to dismiss will be denied. Pursuant to the requirements of Rule 17, Kitchner may not proceed with the suit in its present form. Within thirty days, she must either file an amended complaint substituting the trustee as the only party plaintiff, or file a notice with evidence showing that the trustee has abandoned the causes of action in this suit. Otherwise, the case will be dismissed in its entirety without prejudice and without further notice. The Court will not delay the

---

[3]Defendants selectively report the facts of *Cannon-Stokes* to suggest that this case is appropriate for the application of judicial estoppel, but they neglect the crucial difference between this case and that one: there, the trustee had abandoned any interest the district court litigation, making the claims again property of the plaintiff and subjecting her to the penalties of taking contradictory litigation positions. *Cannon-Stokes*, 453 F.3d at 448. Unless and until the trustee abandons the instant claims, the Court has no cause to consider whether Kitchner should be precluded from pursuing the claims further because of her own failure to disclose them.

resolution of this action so that lengthy proceedings may first be had in the bankruptcy court; if she cannot get the relief she desires from the bankruptcy court or trustee before the Court's deadline, she has no one to blame but herself.[4]

Two other matters deserves mention. First, Kitchner seeks to bring her claims on a class basis, and when she filed the complaint, she simultaneously filed a motion for class certification to avoid being picked off by an offer of judgment from Defendants. (Docket #2, #3); *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011). If the trustee must be substituted as the plaintiff in this action, it is unlikely that he or she will be acceptable as a class representative. *See Dechert v. Cadle Co.*, 333 F.3d 801, 803 (7th Cir. 2003). This is so because a conflict of interest may arise between the trustee's duties to the estate and to the unnamed class members. *Id.* Thus, the Court will deny the motion for class certification (and the accompanying motion to stay class certification briefing) without prejudice at this time. If the trustee becomes the plaintiff, or if Kitchner is able to hold on to her claims, the motion may be resubmitted.

Second, one of the defendants, Lucas Bennewitz ("Bennewitz"), filed a separate, individual motion to dismiss on July 5, 2018, alleging that Kitchner failed to properly serve him with process. (Docket #32). On July 23, 2018, he filed a motion to withdraw that motion to dismiss. (Docket #38). The Court will grant the motion to withdraw.

---

[4]Both parties ask the Court to rule on the present issues based on a prediction as to what the bankruptcy court and the trustee will do. *See* (Docket #47 at 3); (Docket #49 at 2–3). The Court declines the invitation. Today's resolution depends not on divination but on Kitchner's election.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Docket #40) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for class certification (Docket #2) and her motion to stay briefing on the class certification motion (Docket #3) be and the same are hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendant Lucas Bennewitz' motion to withdraw his motion to dismiss (Docket #38) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mark the docket to reflect that Defendant Lucas Bennewitz' motion to dismiss (Docket #32) is withdrawn;

**IT IS FURTHER ORDERED** that Plaintiff shall, no later than **thirty (30) days** from the date of this Order, either file an amended complaint substituting the trustee as the sole party plaintiff or file a notice with evidence demonstrating the trustee's abandonment of the present causes of action.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge